[700 NYS2d 850]

In the Matter of GARY F. WESTFAL (Admitted as GARY FRANK WESTFAL), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 27, 1999

## APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Nancy A. Bolger* of counsel), for Grievance Committee for the Tenth Judicial District.

*Hal Ian Wolsky,* Garden City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Gary F. Westfal has submitted an affidavit dated September 7, 1999, in which he tenders his resignation as an attorney and counselor-at-law (*see*, 22 NYCRR 691.9). In his affidavit, the respondent acknowledges that he is the subject of an ongoing disciplinary proceeding involving six charges of neglecting legal matters entrusted to him by named clients, and six related charges of failing to promptly and timely cooperate with the Grievance Committee in its investigation into the six matters. The respondent also acknowledges that, in addition to the aforementioned allegations, it is alleged that he failed in two cases to respond to inquiries of counsel. In another case, he failed to provide copies of requested papers to a client, and failed to timely release his file to other counsel.

The respondent avers that his resignation is freely and voluntarily tendered, and that he is not under duress or coercion. He has discussed his decision to resign with his attorney, as well as others whose advice and counsel he respects, and is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 from seeking reinstatement as an attorney for at least seven years.

The respondent further acknowledges that he could not successfully defend himself on the merits of any disciplinary charges that have been initiated against him. This resignation is submitted subject to any application that may be made by the Grievance Committee for an order directing him to make restitution to the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a), and he acknowledges the continuing jurisdiction of this Court to make such an order. The respondent specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation.

Inasmuch as the proffered resignation conforms with all pertinent Court rules, it is accepted, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and SMITH, JJ., concur.

Ordered that the resignation of Gary F. Westfal is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Gary F. Westfal is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Gary F. Westfal shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Gary F. Westfal is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.